UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARZAD AZIZ,<br><br>           Plaintiff,<br><br>      v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>           Defendant. | No.  2:20-cv-1200-MCE-KJN PS<br><br>FINDINGS AND RECOMMENDATIONS ON DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 11.) |

On June 16, 2020, plaintiff filed a complaint for damages against defendant, arising out of a motor vehicle accident on June 18, 2018.[1]  (ECF No. 1.)  On January 19, 2022, defendants filed a motion to dismiss, and the hearing was ultimately set for February 22, 2022.  (ECF Nos. 11, 14.)  A copy of this minute order was mailed to plaintiff.  (See Docket Entry for January 24, 2022.)  Plaintiff did not file a response to defendants' motion to dismiss, and the court vacated the hearing.[2]  (See Docket Entry for February 11, 2022.)  A copy of this minute order was also mailed to plaintiff.  (See Id.)  The court now RECOMMENDS dismissal for failure to prosecute.

---

[1] Plaintiff filed the complaint with the assistance of counsel of whom has since withdrawn due to "an unresolvable conflict of interest."  (See ECF No. 5 at 2.)  Plaintiff now proceeds without the assistance of counsel; thus, this case was referred to the undersigned pursuant to Local Rule 302(c)(21).  See 28 U.S.C. § 636(b)(1).

[2] The court vacated the hearing and took the matter under submission without oral argument pursuant to Local Rule 230(c).

1

**DISCUSSION**

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two <u>Ferdick</u> factors weigh in favor of dismissal, because this case has already been delayed by plaintiff's failure to take the steps necessary to move this case forward. The third factor also slightly favors dismissal, because, at a minimum, defendant has been deprived of an opportunity to be promptly notified of the lawsuit and prepare its defense. With the passage of time, witnesses' memories fade and evidence becomes stale.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal because plaintiff has not responded to any motions presented to the court since filing his complaint, leaving the court with little alternative but to recommend dismissal. Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other <u>Ferdik</u> factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after carefully evaluating the <u>Ferdik</u> factors, the court concludes that dismissal with prejudice is appropriate.

**RECOMMENDATIONS**

Accordingly, it is HEREBY RECOMMENDED that:

1. The action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b); and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 16, 2022

aziz.1200

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE